## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JULIAN VALENZUELA,

        Plaintiff,

vs.                                                                                    No. CIV 24-0136 JB\JFR

ALBUQUERQUE POLICE DEPARTMENT, and
FIRE/RESCUE DEPARTMENT,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Complaint to Recover Damages for Injury, filed December 12, 2023 (Doc. 1-2)("Complaint"); and (ii) the Defendant Albuquerque Police Department's ("APD") Motion to Dismiss Plaintiff's Complaint with Prejudice, filed February 14, 2024 (Doc. 5)("MTD"). Plaintiff Julian Valenzuela is incarcerated and proceeding pro se. <u>See</u> Complaint at 1. He asserts claims relating to the death of his fiancé, Janeth Valenzuela. Having carefully reviewed the arguments and applicable authority pursuant to 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court concludes that Valenzuela has not named a Defendant that is subject to liability under 42 U.S.C. § 1983. The Court grants the MTD in part, but permits Valenzuela to file an amended complaint.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Valenzuela filed the Complaint while incarcerated at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. <u>See</u> Complaint at 1. The Complaint alleges that Valenzuela calls the 911-emergency dispatch number in Albuquerque following the assault of Janeth Valenzuela. <u>See</u> Complaint at 2. APD and Defendant Albuquerque Fire/Rescue Department (the "Fire Department") initially respond to the call. <u>See</u> Complaint at 2. The

Complaint alleges two APD officers prematurely dismiss the ambulance and the Fire Department personnel.  See Complaint at 2.   Other APD officers allegedly arrive shortly thereafter and recall the Fire Department.  See Complaint at 2.   A Fire Department employee allegedly states to Cadena: "We did revive [Janet Valenzuela], but you tell us to let her die."   Complaint at 2.   The Complaint alleges that "(ofc. P. Cadena (P7574))"("Cadena") responds: "hush stupid [] … [Valenzuela] is in my [police] car."   Complaint at 2.   Cadena also allegedly states: "[T]his was a Texas mob hit," but, according to Valenzuela, it is not clear why anyone believes the mob is involved.  Complaint at 2.   The Complaint alleges Janeth Valenzuela died as a result of her injuries.  See Complaint at 2.

Valenzuela contends that APD and the Fire Department conspire to cause the death of Janeth Valenzuela.  See Complaint at 4.   As evidence of the conspiracy, Valenzuela alleges that he offered to give a statement to Cadena and notes that he had "solid facts."   Complaint at 4. Cadena allegedly refuses to take Valenzuela's statement, telling him: "[N]o, I can talk to police detectives."   See Complaint at 4.   An unnamed detective, thereafter, allegedly states or writes: "[Valenzuela] did not wish to speak with police detectives."   Complaint at 4.   Valenzuela also contends APD officers and the Fire Department "plotted to get [him] this [unspecified criminal] charge" as part of the conspiracy.  See Complaint at 6.

The State court docket, which is subject to judicial notice, reflects that the State of New Mexico charges Valenzuela with the second-degree murder of Janet Valenzuela.  See State of New Mexico v. Julian Ontiveros Valenzuela, Case No. D-202-CR-2023-00595, Second Judicial District Court, County of Bernalillo, State of New Mexico, Grand Jury Indictment, filed March 6, 2023; United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(stating that courts have

"discretion to take judicial notice of publicly-filed records. . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); <u>Mitchell v. Dowling</u>, 672 Fed. App'x 792, 794 (10th Cir. 2016) (stating that courts may take "judicial notice of the state-court docket sheet");[1] <u>Van Duzer v. Simms</u>, No. CV 18-0405 JB/LF, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.)(stating that courts may take judicial notice of New Mexico state criminal dockets).   The State court docket further reflects that Valenzuela pled guilty to second degree murder and tampering with evidence in that case, and the State judge sentenced Valenzuela to twenty-two years imprisonment, with four years suspended.   <u>See</u> <u>State of New Mexico v. Julian Ontiveros Valenzuela</u>, Case No. D-202-CR-2023-00595, Second Judicial District Court, County of Bernalillo, State of New Mexico, Judgment and Partially Suspended Sentence, filed July 23, 2024.

Valenzuela's Complaint raises federal claims for violations of the Equal Protection Clause, the First Amendment, and the Fourteenth Amendment to the Constitution of the United States. <u>See</u> Complaint at 4-6.   Valenzuela alleges that APD violates his First Amendment right to free

---

[1]<u>Mitchell v. Dowling</u>, 672 Fed. App'x 792, 794 (10th Cir. 2016) is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   <u>See</u> 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that <u>Mitchell v. Dowling</u> has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

speech by not taking a statement regarding Janet Valenzuela's murder, and that APD and the Fire Department violate Janet Valenzuela's Equal Protection rights by allowing her to die.   <u>See</u> Complaint at 4-6.   The Complaint also raises claims under New Mexico law for conspiracy, entrapment, negligence, and wrongful death.   <u>See</u> Complaint at 6.   The Complaint seeks at least two million dollars in damages from the two Defendants: (i) APD; and (ii) the Fire Department. <u>See</u> Complaint at 1, 7.

Valenzuela originally filed the Complaint in the County of Bernalillo, Second Judicial District Court of the State of New Mexico.   <u>See</u> Complaint at 1.   On February 9, 2024, APD removed the case to federal Court based on federal-question jurisdiction.   <u>See</u> Notice of Removal, filed February 9, 2024 (Doc. 1).   On February 14, 2024, APD filed the MTD and argued, inter alia, that a police department is not a suable entity.   <u>See</u> MTD at 1-4.   Valenzuela has not responded to the MTD.   The Court therefore will consider whether there are grounds for dismissal and whether the Complaint otherwise states a cognizable claim under 28 U.S.C. § 1915A.   <u>See</u> 28 U.S.C. § 1915A (requiring an initial screening of all prisoner complaints against a government entity).

## <u>LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS</u>

Section 1915(e) of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis.   <u>See</u> 28 U.S.C. § 1915(e).   The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted for purposes of rule 12(b)(6) of the Federal Rules of Civil Procedure.   <u>See</u> 28 U.S.C. § 1915(e).   Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).   All well-pleaded factual allegations "are accepted as true and viewed in the light most favorable to the nonmoving party." Sutton v. Utah State Sch. For the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.   "Factual allegations must be enough to raise a right to relief above the speculative level [. . .] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (ellipses added).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).   "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original).   The United States

Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."   The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citation omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).   If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements."   Hall v. Bellmon, 935 F.2d at 1110.   At the same time, however, pro parties must file a legible pleading that complies with rule 8.   That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]"   Fed. R. Civ. P. 8(a).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.   Section 1983 creates only the right of action and it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights"). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of State law, violates the claimant's federally protected rights.   To state a valid claim under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprives the plaintiff of that right acted under color of State law.   See West v. Atkins, 487 U.S. 42, 48 (1988).   The Court notes:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Public Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarifies that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).   Consequently, there is no respondeat superior liability under § 1983.   See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).   Entities cannot be held liable solely on the existence of an employer-employee relationship with an alleged tortfeasor.   See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 689 (1978).   Supervisors can be held liable only for their own

unconstitutional or illegal policies, and not for their employees' tortious acts.   See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability.   See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006)).   The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's Constitutional violations.   See Garcia v. Casuas, No. CIV 11-0011 JB/RHS 2011, WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).   The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Ashcroft v. Iqbal, 556 U.S. at 676. 2   The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case:

---

[2]In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389.   Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting under the color of federal authority violates the plaintiff's constitutional rights.   See Bivens, 403 U.S. at 389.   See also Ashcroft v. Iqbal, 556 U.S. 662, at 675-76, (2009)(stating that Bivens actions are the "federal analog" to 42 U.S.C. § 1983 actions).

> § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution[]"

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983).   The Tenth Circuit notes, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."   Dodds v. Richardson, 614 F.3d at 1200.   It concludes that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."   Dodds v. Richardson, 614 F.3d at 1200.   More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct."   Dodds v. Richardson, 614 F.3d at 1200-01.

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff seeks to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers commit.   See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).   The Tenth Circuit notes that the Supreme Court in that case concludes that there is a sufficient link between the police misconduct and the city officials' conduct, because there is a deliberate plan by some of the named defendants to "crush the nascent labor organizations." Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## ANALYSIS

Construed liberally, the Complaint alleges APD and the Fire Department violate

42 U.S.C. § 1983 by: (i) refusing to take Valenzuela's statement in violation of the First Amendment; and (ii) allowing Janet Valenzuela to die in violation of the Equal Protection Clause. See Complaint at 4-6.   The Complaint also raises claims under New Mexico law for conspiracy, entrapment, negligence, and wrongful death.   See Complaint at 6.   The Court evaluates whether the Complaint states a federal § 1983 claim against any Defendant before considering the merits of any State law claims.   See Brooks v. Gaenzle, 614 F.3d 1213, 1229-30 (10th Cir. 2010)(holding that federal courts generally should decline to exercise supplemental jurisdiction over a State-law claim if no viable federal claims remain).

## I.   THE COMPLAINT DOES NOT NAME A PERSON SUBJECT TO SUIT UNDER § 1983.

Valenzuela brings Constitutional claims pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).   As noted above, "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." McLaughlin v. Bd. of Trustees, 215 F.3d 1168, 1172 (10th Cir. 2000)(quoting Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1233 (10th Cir. 1999)).   The plaintiff must allege that each government official, through the official's own individual actions, personally violates the Constitution.   See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).   There also must be a connection between the official conduct and the Constitutional violation.   See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).

As APD notes, "governmental sub-units are not separate suable entities that may be sued under § 1983."   Hinton v. Dennis, 362 Fed. App'x 904, 907 (10th Cir. 2010).   See Ketchum v.

Albuquerque Police Dep't, 958 F.2d 381 (10th Cir. 1992)(police departments such as "APD are

not suable entities under § 1983, because they lack legal identities apart from the municipality");

Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(holding that City and County of Denver

remain as defendants but dismissing complaint as to the City of Denver Police Department because

it is not a separate suable entity); Young v. City of Albuquerque, 77 F. Supp. 3d 1154, 1161

(D.N.M. 2014)(Browning, J.)(granting APD's motion to dismiss the plaintiff's claims against it

"because it is not a suable entity").   The Court dismisses the federal claims against APD and the

Albuquerque Fire Department for failure to state a cognizable claim under rule 12(b)(6) of the

Federal Rules of Civil Procedure and 28 U.S.C. § 1915A.

Alternatively, even if the Court considers Valenzuela's § 1983 claim as though he brings

them against the City of Albuquerque, the Complaint does not allege facts demonstrating

municipal liability.   Local governmental entities may not be held liable under § 1983 for the

actions of its employees based on the doctrine of respondeat superior.   See Cannon v. City and

County of Denver, 998 F.2d 867, 877 (10th Cir. 1993).   See also Monell v. Dep't of Soc. Servs.

of N.Y., 436 U.S. at 694 (establishing "Monell liability").   To establish liability of local-

government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom

or policy and (2) a direct causal link between the custom or policy and the violation alleged."

Jenkins v. Wood, 81 F.3d 988, 993-94 (10th Cir. 1996).   For purposes of Monell v. Dep't of Soc.

Servs. of N.Y. liability, the relevant policy or custom must consist of

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a
> widespread practice that, although not authorized by written law or express
> municipal policy, is so permanent and well settled as to constitute a custom or usage
> with the force of law; (3) the decisions of employees with final policymaking
> authority; (4) the ratification by such final policymakers of the decisions—and the

basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010)(quotations omitted). Whatever policy or custom is alleged, the "plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 404 (1997)(emphasis in original). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. at 404.

The Complaint here does not allege the City of Albuquerque promulgates a policy or custom that causes any constitutional violation. There are also no facts that demonstrate a link between municipal action and the alleged conduct of the APD and Fire Department officers who responded on the night of Janet Valenzuela's murder. The Court will grant APD's MTD, in part, and dismiss all § 1983 claims against APD and the Fire Department under rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915A. As the Court discusses below, the Court will grant leave to amend the federal claims before considering whether to exercise supplemental jurisdiction over Valenzuela's State law claims.

## II.     THE COURT WILL GRANT LEAVE TO AMEND

The Tenth Circuit counsels that courts should ordinarily give pro se inmates an opportunity to remedy defects in their pleadings. See Hall v. Bellmon, 935 F.2d at 1110. Leave to amend is

- 12 -

a close call in this case, because Valenzuela did not respond to the MTD and because he likely cannot recover for the death of the woman he murders.   In light of the general rule, and to clarify the exact nature of the claims before dismissal, the Court grants leave to file a single amended complaint within thirty days of this Memorandum Opinion and Order's entry.   Any amended complaint must name the correct Defendants, and "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008).   The amendment will supersede the original pleading and must include all federal and State claims Valenzuela wishes to pursue in this case.   If Valenzuela does not timely amend his complaint as set forth above, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any State law claims; and dismiss all State law claims without prejudice for lack of jurisdiction.

The Court reminds Valenzuela that, to the extent he alleges State officials conspire to kill Janet Valenzuela or fail to investigate properly facts relating to her death in violation of § 1983, such claims may be barred based on his conviction for murdering Janet Valenzuela.   Heck v. Humphry, 512 U.S. 477, 487 (1994) requires courts to dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence.   See Heck v. Humphry, 512 U.S. at 487.   Valenzuela should file a 28 U.S.C. § 2254 habeas petition after exhausting State remedies, if he wishes to challenge the validity of his murder conviction/sentence.   See Sacoman v. Santistevan, 2024 WL 2973707, at *1 (10th Cir. June 13, 2024)("Section 2254 is the proper vehicle to challenge the validity of a State conviction and sentence")(citing Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)).

**IT IS ORDERED** that: (i) the Defendant Albuquerque Police Department's Motion to Dismiss Plaintiff's Complaint with Prejudice, filed February 14, 2024 (Doc. 5) is granted in part and denied in part; (ii) all federal claims in the Plaintiff's Complaint to Recover Damages for Injury, filed December 12, 2023 (Doc. 1-2), are dismissed without prejudice**;** and (iii) the Plaintiff shall file a single amended complaint that raises all claims he wishes to pursue within thirty days of this Memorandum Opinion and Order's entry.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Julian Valenzuela

     *Plaintiff, pro se*

Ashlee M. Wright
   Assistant City Attorney
City of Albuquerque City Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Defendants Albuquerque Police Department and Albuquerque Fire/Rescue Department*

- 14 -